UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY,

    Plaintiff,               CIVIL ACTION NO. 08-13393

  vs.                        DISTRICT JUDGE AVERN COHN
                            MAGISTRATE JUDGE DONALD A. SCHEER

THIRD CIRCUIT COURT,
JUDGE JAMES CHYLINSKI,
WAYNE COUNTY PROSECUTOR'S
OFFICE, KIM WORTHY,
MICHIGAN STATE POLICE, and
PETER MUNOZ,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The Complaint should be dismissed *sua sponte* for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

                                                          *   *   *

Plaintiff was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on August 5, 2008, against the above named defendants. Following a bench trial, Petitioner was convicted of four counts of first degree criminal sexual conduct (CSC-I) and one count of second degree criminal sexual conduct (CSC-II) in the Wayne County Circuit Court. The court sentenced him on March 23, 1989, to concurrent terms of eleven to twenty years' for CSC-I and five to fifteen years for CSC-II. Plaintiff is currently on parole and living in Detroit, Michigan.

In the instant civil rights Complaint, Plaintiff alleges that the Third Circuit Court and Judge Chylinski violated his constitutional rights in September 2007, by refusing to grant his Motion for Relief from Judgment. Plaintiff asserts that the Wayne County Prosecutor's Office and Prosecutor Kim Worthy have "actual knowledge" of his innocence. He further claims that the Michigan State Police and State Police Director Munoz violated his liberty interest by continuing to list him as sexual offender on a registration maintained by them. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

SUMMARY DISMISSAL

Plaintiff has been granted *in forma pauperis* status. Under the PLRA, the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 19979(e); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 35, 31 (1992).

I am persuaded that the instant Complaint should be dismissed because Plaintiff essentially seeks reversal of his state criminal convictions. A civil rights complaint, however, is an improper means for attacking the fact or the length of incarceration. In Preiser v. Rodriquez, 411 U.S. 475, 500 (1973), the Supreme Court held that when a state prisoner is challenging the fact or duration of his physical confinement, his sole remedy is a writ of habeas corpus. The Preiser court stated that the writ was the "exclusive remedy" for attacking the validity of a state conviction. Id. at 489.

## GOVERNMENTAL DEFENDANTS

There is no proper basis alleged in the complaint for a claim against the Third Circuit Court, Wayne County Prosecutor's Office or the Michigan State Police Department. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-established that governmental agencies are not legal entities amendable to suit under § 1983. Monell v. NYC Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff's § 1983 claims against these defendants must therefore be dismissed.

## ABSOLUTE IMMUNITY

To the extent that Plaintiff seeks damages against a judicial officer (Chylinski) and prosecuting attorney (Worthy), they are entitled to absolute immunity from damages for actions taken in the course of their duties in the judicial process. No immunity doctrine pertaining to individuals is more strongly established than that of judicial immunity. Sound policy concerns favor judicial immunity in suits for money damages to avoid impairment of the judicial process. Pierson v. Ray, 386 U.S. 547 (1967); Barnes v. Winchell, 105 F.3d 1111 (6th Cir. 1997).

Furthermore, the functional nature of the activities performed by the prosecuting attorney in the instant case involved prosecutorial conduct for which she is also absolutely immune under Imbler v. Pachtman, 424 U.S. 409 (1976). See also Hilliard v. Williams, 540 F.2d 220 (6th Cir. 1976); Stefaniak v. State of Michigan, 564 F.Supp. 1194 (W.D. Mich. 1983); Campbell v. Patterson, 724 F.2d 41 (6th Cir. 1983). The scope of prosecutorial immunity under Imbler is wide, enveloping all prosecutorial functions "intimately associated with the judicial [as opposed to the administrative or investigative] phase of the criminal

process." Imbler, 424 U.S. at 430. Even when the acts and omissions of the prosecutor deprive a criminal defendant of his constitutional right to a fair trial (as where a prosecutor knowingly suppressed Brady[1] material which would have exonerated a defendant, Hilliard, 540 F.2d at 221, or knowingly used perjured testimony, Imbler, supra), as long as the conduct involves the decision to initiate or prosecute a criminal proceeding, the policy underlying the grant of absolute immunity is invoked. Because Section 1983 liability for damages would "prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system," Imbler, 424 U.S. at 427-428, conduct even as egregious and reprehensible as that referenced above in Hilliard and Imbler enjoys immunity from Section 1983 liability because that conduct comprises an integral part of the prosecutor's role in the judicial system.

SUPERVISORY DUTIES

A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988). Plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976). Director Munoz was apparently sued because of his position of authority and administrative responsibilities within the Michigan State Police. However, the mere fact that a supervisory person is in a position of authority

---

[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

4

does not allow imposition of liability against him or her. As a result, Defendant Munoz should not be held liable absent a showing that he was personally or directly involved.

For the foregoing reasons, it is recommended that the Complaint be dismissed, sua sponte, for failure to state a claim upon which relief may be granted. Given this recommendation, Plaintiff's Motion for a Temporary Restraining Order (Docket #3) should also be denied. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Cohn's acceptance thereof is waived.

                    s/Donald A. Scheer
                    DONALD A. SCHEER
                    UNITED STATES MAGISTRATE JUDGE

DATED: August 25, 2008

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 25, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 25, 2008. **None.**

                    s/Michael E. Lang
                    Deputy Clerk to
                    Magistrate Judge Donald A. Scheer
                    (313) 234-5217