UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY,

        Plaintiff,                        Case Number: 08-13393

v.                                             HONORABLE AVERN COHN

THIRD CIRCUIT COURT, JUDGE JAMES
CHYLINSKI, WAYNE COUNTY
PROSECUTOR'S OFFICE, KYM
WORTHY, MICHIGAN STATE POLICE,
and PETER MUNOZ,

        Defendants.
_____/

# ORDER
## ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

### I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Mark Anthony, proceeding pro se and in forma pauperis, filed a complaint claiming defendants violated his constitutional rights relating to his conviction for criminal sexual conduct, for which he is now on parole. The case was referred to a magistrate judge for all pre-trial proceedings. The magistrate judge issued a report and recommendation (MJRR) recommending that the complaint be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.

Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections are overruled and the MJRR will be adopted.

II.

As noted in the MJRR, the Court is required to <u>sua sponte</u> dismiss an <u>in forma pauperis</u> complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A <u>pro se</u> civil rights complaint is to be construed liberally. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

III.

Having carefully reviewed the objections, the Court agrees with the magistrate judge. As fully explained in the MJRR, plaintiff cannot used § 1983 to obtain a reversal or otherwise attack his conviction. Rather, should he believe his constitutional rights were violated in connection with his conviction, his sole remedy is to file a petition for a writ of habeas corpus. Moreover, plaintiff has named defendants who are either not amenable or are immune from suit.

The findings and conclusions of the magistrate judge are adopted as the findings and conclusions of the Court. Accordingly, the complaint is DISMISSED under 28

U.S.C. §§ 1915(e)(2)(B)(I) and 1915A(b)(1).  Given this determination, plaintiff's motion for a TRO is MOOT.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  September 11, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Mark Anthony, 13660 Parkgrove, Detroit, MI 48205  on this date, September 11, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160